UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEVIN REGAL, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>  Defendants. | Case No. 22-cv-04321-BLF<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 99] |

Plaintiffs have filed a motion for relief from a nondispositive pretrial order issued by Magistrate Judge Nathanael M. Cousins. *See* Pls.' Mot. for Relief, ECF 99. This Court finds the motion suitable for decision without a response or a hearing. *See* Civ. L.R. 72-2(d) (When a party seeks relief from the nondispositive order of a magistrate judge, "no response to the motion is necessary and no hearing will be conducted" unless otherwise ordered by the district judge.).

Plaintiffs seek review of Judge Cousins' denial of their request to depose a designee of Defendant County of Santa Clara ("County") on certain topics. The parties presented the dispute regarding deposition topics to Judge Cousins in a joint letter brief filed September 19, 2024, and Judge Cousins issued his ruling the same day. *See* Joint Discovery Letter Brief, ECF 95; Order Denying Discovery Letter Brief, ECF 96. Judge Cousins ruled that "the Rule 30(b)(6) deposition topics requested by Plaintiffs in the Letter Brief are unreasonably duplicative of Plaintiffs' First 30(b)(6) Notice and are not proportional to the needs of the case under Rule 26(b)(1)," and that "the burden of this proposed discovery outweighs its likely benefit, especially considering that fact discovery closes tomorrow." Order Denying Discovery Letter Brief, ECF 96. Plaintiffs ask this Court to reverse Judge Cousins' ruling and allow them to depose Defendant County's designee on the disputed topics.

This Court may modify Judge Cousins' discovery order only if it "is clearly erroneous or is contrary to law" Fed. R. Civ. P. 72(a); *see also Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) ("A magistrate judge's discovery order may be modified or set aside if it is 'clearly erroneous or contrary to law.'"). Under the clear error standard, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (discussing clear error review generally) (quotation marks and citation omitted); *see also Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. 2009), *aff'd*, 404 F. App'x 249 (9th Cir. 2010) (applying *Easley* to review of magistrate judge's nondispositive order under Rule 72(a)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (quotation marks and citation omitted). When applying these principles, the district court "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Plaintiffs have not demonstrated that relief is warranted under this standard. As an initial matter, this Court notes that Plaintiffs' brief neither cites the relevant legal standard nor argues expressly that Judge Cousins' order is "clearly erroneous" or "contrary to law." Based on the arguments presented in the brief, the Court understands Plaintiffs to be raising a clear error challenge to Judge Cousins' factual determinations regarding the duplicative nature of the deposition topics and relative burdens and benefits of the proposed discovery. This Court finds that Judge Cousins' factual determinations are not clearly erroneous. Plaintiffs do not appear to assert that Judge Cousins failed to apply, or misapplied, the relevant law, and this Court finds that he did not.

Plaintiffs' motion for relief from Judge Cousins' nondispositive pretrial order is DENIED.

**IT IS SO ORDERED.**

Dated: September 27, 2024

_____
BETH LABSON FREEMAN
United States District Judge