UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEVIN REGAL, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SANTA CLARA,<br><br>        Defendant. | Case No. 5:22-cv-04321-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR A SCHEDULING ORDER MODIFICATION AND FOR LEAVE TO AMEND**<br><br>[Re: Dkt. No. 132] |

Before the Court is Plaintiffs Devin Regal, E.R., and C.R.'s ("Plaintiffs") Motion for a Scheduling Order Modification and for Leave to Amend. Dkt. No. 132 ("Mot."). Defendant County of Santa Clara ("the County") opposes the motion, Dkt. No. 136 ("Opp."), and Plaintiffs filed a reply in support of their motion, Dkt. No. 140 ("Reply"). The Court previously determined that this motion was suitable for resolution without oral argument and vacated the hearing set for June 26, 2025. Dkt. No. 135.

For the following reasons, the Court GRANTS Plaintiffs' motion (Dkt. No. 132).

**I.    BACKGROUND**

Plaintiffs initially filed this lawsuit on July 26, 2022, naming as Defendants the County of Santa Clara, the Santa Clara County Sheriff's Office, the Santa Clara Valley Health and Hospital System, Sheriff Laurie Smith, and County therapist Consuelo Garcia. Dkt. No. 1. A few weeks later, Plaintiffs voluntarily dismissed the Santa Clara County Sheriff's Office and the Santa Clara Valley Health and Hospital System. Dkt. No. 18.

The Court held the Initial Case Management Conference on January 5, 2023, Dkt. No. 33, and thereafter issued a case scheduling order that set March 7, 2023 as the last day to amend the pleadings pursuant to Federal Rule of Civil Procedure 15, Dkt. No. 38. Then, in response to the

1    Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiffs'
2    Complaint, Dkt. No. 45, Plaintiffs filed a First Amended Complaint that named as Defendants the
3    County of Santa Clara, Consuelo Garcia, and Deputy Omar Cevallos, Dkt. No. 52. Through a
4    second motion to dismiss, Defendants secured dismissal of Defendant Cevallos. *See* Dkt. No. 75
5    at 17. The case proceeded against the County of Santa Clara and Consuelo Garcia.

6    Following "extensive discovery," *see* Dkt. No. 133, Declaration of Plaintiffs' Counsel
7    Pamela E. Glazner in Support of Motion for a Scheduling Order Modification and for Leave to
8    Amend ("Glazner Decl.") ¶ 14, Defendants filed a motion for summary judgment on October 18,
9    2024. Dkt. No. 102. The filing of this dispositive motion caused Plaintiffs' counsel to notice a
10   "pleading mistake;" namely, the First Amended Complaint alleged Plaintiffs' Loss of Familial
11   Association claim against only Defendant Garcia and former defendant Cevallos. Glazner Decl.
12   ¶ 6. Thus, in Plaintiffs' opposition to Defendants' summary judgment motion, Plaintiffs' counsel
13   requested to amend the pleading in order to assert the Loss of Familial Association claim against
14   the County as well as Garcia. *Id.* ¶ 7. Defendants' reply brief in support of the summary
15   judgment motion argued that Plaintiffs' requested amendment would be futile and that the request
16   should be denied as moot, because "the 'shocks the conscience' standard for familial-loss claims is
17   even higher" than the standard applicable to Plaintiffs' deliberate-indifference claims, which
18   Defendants stated that Plaintiffs had failed to meet. Dkt. No. 120 at 15.

19   At the hearing and in the order on the motion for summary judgment, the Court instructed
20   Plaintiffs to either (1) seek a stipulation from Defendants or (2) file a motion to modify the
21   scheduling order and for leave to amend in order to seek the requested amendment. *See* Dkt. No.
22   130 at 56:25–57:15; Dkt. No. 131 at 22. The Court's Order Granting in Part and Denying in Part
23   Defendants' Motion for Summary Judgment granted summary judgment in favor of Defendant
24   Garcia, Dkt. No. 131 at 22, and the County subsequently declined to stipulate to the proposed
25   amendment, Glazner Decl. ¶ 12, so Plaintiffs filed the present motion, Dkt. No. 132.

26   **II.   LEGAL STANDARD**
27   When the deadline for amending the pleadings set in a court's scheduling order has passed,
28   a party seeking leave to amend must first seek modification of the scheduling order. *DRK Photo*

1    *v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017); *Kamal v. Eden
2    Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). Under Federal Rule of Civil Procedure 16, a
3    scheduling order "may be modified only for good cause and with the judge's consent." Fed. R.
4    Civ. P. 16(b)(4). "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting
5    party was diligent in seeking the amendment." *DRK Photo*, 870 F.3d at 989 (citing *In re W. States
6    Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc.
7    v. Learjet, Inc.*, 575 U.S. 373 (2015)). "If th[e] party was not diligent, the inquiry should end."
8    *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the
9    existence or degree of prejudice to the party opposing the modification might supply additional
10   reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking
11   modification." *Id.*

12   "If the moving party establishes good cause to modify the scheduling order, it must then
13   demonstrate that its motion is also proper under Rule 15." *VLSI Tech. LLC v. Intel Corp.*, No. 17-
14   cv-05671, 2024 WL 664804, at *2 (N.D. Cal. Feb. 16, 2024) (internal quotations omitted). Under
15   Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course"
16   within certain designated time frames. Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend
17   its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2).
18   "The court should freely give leave when justice so requires." *Id.* A district court ordinarily must
19   grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue
20   delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4)
21   undue prejudice to the opposing party, or (5) futility of amendment. *See Eminence Capital, LLC
22   v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182
23   (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest
24   weight." *Id.* However, a strong showing with respect to one of the other factors may warrant
25   denial of leave to amend. *Id.*

26   **III.   DISCUSSION**
27          **A.   Rule 16 Analysis**
28          In the Rule 16 analysis regarding whether there is good cause to modify the scheduling

order for purposes of permitting amendment, the Court's "central inquiry" is whether Plaintiffs were diligent in seeking amendment. *DRK Photo*, 870 F.3d at 989. Here, Plaintiffs represent that "the delay in identifying the error was not due to carelessness or a lack of diligence but rather was a human mistake that was not discovered despite Plaintiffs' counsel acting with as much diligence, care, and alacrity as possible." Mot. at 4 (citing Glazner Decl. ¶ 13). Plaintiffs argue that their diligence is apparent in the timeline of events underlying this motion, since Plaintiffs' counsel initially requested amendment within approximately three weeks of identifying the pleading error. *See id.* In opposition, the County argues that Plaintiffs have been "aware of the facts and theories supporting amendment since the inception of the action," Opp. at 5 (citing *In re W. States Wholesale*, 715 F.3d at 737), and that therefore the two-year delay between the time that Plaintiffs filed their initial complaint and when they requested leave to correct the error constitutes a lack of diligence, *id.* at 5–6. Moreover, the County argues that "permitting Plaintiffs to amend the FAC to assert a familial-loss claim against the County at this late stage would also prejudice the County because it would deprive the County of the ability to challenge the claim on summary judgment and preserve the issue for appeal." *Id.* at 7.

"Defendants mistakenly focus on the length of time between the deadline for filing an amended complaint and the plaintiff[s'] motion, instead of the time between plaintiff[s'] discovery of the new facts and [their] asking leave of the court to file the amended complaint." *Navarro v. Eskanos & Adler*, No. 06-cv-02231, 2006 WL 3533039, at *2 (N.D. Cal. Dec. 7, 2006). In this case, Plaintiffs' counsel has owned up to making a "human mistake": she did not realize until the summary judgment proceedings that the pleadings omitted the County as a defendant on the Loss of Familial Association claim. Mot. at 4. But thereafter, Plaintiffs sought amendment within a matter of weeks. Accordingly, Plaintiffs have shown good cause to modify the scheduling order. *Cf. Miller v. Arizona Beverages USA LLC*, No. 23-cv-03540, 2024 WL 1090627, at *1 (N.D. Cal. Mar. 1, 2024) ("[T]hese mistakes constitute excusable neglect, and Miller has otherwise been diligent in seeking amendment.").

To be clear: the Court is concerned by the seriousness of the identified error, particularly in light of the fact that the Court's Order Granting in Part and Denying in Part Motion to Dismiss

4

First Amended Complaint, Without Leave to Amend, Dkt. No. 75, expressly noted that the Loss of Familial Association claim was asserted against the individual defendants only, *e.g.*, *id.* at 3. However, the Court finds that this mistake falls into the category of excusable neglect. In the wake of Plaintiffs' counsel's oversight at the motion to dismiss stage, Defendants' conduct throughout the discovery proceedings apparently led Plaintiffs' counsel to believe that the Loss of Familial Association claim *was* asserted against the County until a closer examination of the pleading document at the motion for summary judgment stage brought the error to light. Reply at 1–2; Dkt. No. 138, Supplemental Declaration of Plaintiffs' Counsel Pamela E. Glazner in Support of Motion for a Scheduling Order Modification and for Leave to Amend ("Suppl. Glazner Decl.") ¶¶ 2–9 & Exs. 1–13. That makes this case unlike those on which Defendant relies. In those cases, there was no indication that the moving party's counsel had been operating under a mistaken belief that the theory sought to be added had been in the case all along. Rather, the movants inexplicably waited months (or longer) to assert their claims for the first time despite having reason to know of them. *E.g.*, *Gray v. Clark*, No. 20-cv-00196, 2022 WL 5187553, at *2 (E.D. Cal. Oct. 5, 2022), *report and recommendation adopted*, No. 20-cv-00196, 2022 WL 16722110 (E.D. Cal. Nov. 4, 2022) (denying motion to amend where plaintiff "failed to provide any explanation" for why he belatedly sought leave to amend in order to "allege a due process violation based on [facts that he] was well aware of for more than four years prior to seeking amendment"); *Clear-View Techs., Inc. v. Rasnick*, No. 13-cv-02744, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) ("[T]hese proposed Third Party Defendants, and the Plaintiff's allegations against them, have been known to Defendants for over eighteen months."). As a result, in at least some of those cases, the opposing party suffered significant prejudice, such as being "deprived of the opportunity to conduct appropriate discovery." *E.g.*, *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017).

This case is different. Here, the relevant discovery has been conducted, *see* Glazner Decl. ¶¶ 14–16, with the Parties apparently proceeding under a shared impression that Plaintiffs sought damages for their familial loss claim against all Defendants, *see* Suppl. Glazner Decl. ¶¶ 2–9. Moreover, the County is not so significantly prejudiced as to justify denying Plaintiffs' motion.

5

As in *Dominguez v. City of San Jose*, No. 18-cv-04826, 2022 WL 3161765 (N.D. Cal. Aug. 8, 2022), Plaintiffs here have "amply disclosed the fact that they are seeking wrongful death damages throughout the litigation," so the County has "been on notice" of the intention to pursue such damages "for years." *Id.* at *3. It is certainly true that there is no "evidence of gamesmanship by the County," Opp. at 11, which does distinguish this case slightly from *Dominguez*—but the cases are still more like than unlike in the sense that this, too, is a "technical" amendment to bring the pleading in line with the Parties' shared understanding throughout discovery.

Finally, although it is true that the County did not have the opportunity to seek dismissal of the claim at summary judgment, the County's own cases suggest that its litigation strategy—and its current posture going into trial—was not likely significantly impacted by this omission. As the County's opposition brief rightly states, *see* Opp. at 7, courts evaluating familial-loss claims "look to whether the officers' conduct deprived [the plaintiff] of her familial interest in a manner that 'shocks the conscience.'" *Peck v. Montoya*, 51 F.4th 877, 893 (9th Cir. 2022). "When courts consider "whether conduct shocks the conscience, [they] apply a more specific standard that varies depending on the circumstances in which the defendants acted." *Id.* A deliberate indifference standard applies "when officials had 'ample time to correct their obviously [wrongful conduct],'" *id.* (citing *Porter v. Osborn*, 546 F.3d 1131, 1139 (9th Cir. 2008)), whereas "if the defendants had to make a 'snap judgment because of an escalating situation,' then their conduct does not shock the conscience unless they 'act[ed] with a purpose to harm unrelated to legitimate law enforcement objectives,'" *id.* (citing *Hayes v. County of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013)).

The Court agrees with the County that evidence of whether the County had "opportunities to do better" or whether "actual deliberation was practical" would be relevant to this analysis, *see* Opp. at 8 (quoting *Peck*, 51 F.4th at 893; *Porter*, 546 F.3d at 1139), but the Parties submitted enough evidence with the summary judgment briefing to at least create a dispute of material fact as to the County's opportunity to deliberate. *See* Dkt. No. 131 at 19–20 (discussing factual disputes over whether "the County had adequate notice of the particular suicide risks Plaintiffs identify" and noting evidence of suicide deaths by hanging dating back to 2011). Combined with the dispute of material fact over whether the County was deliberately indifferent, *see id.* at 17–20,

it is clear that the County would not have prevailed at summary judgment on the Loss of Familial Association claim.

In sum, the Court concludes that Plaintiffs were diligent in pursuing amendment and that the County is not so significantly prejudiced as to deny Plaintiffs' motion under Rule 16. The Court now turns to Rule 15.

### B. Rule 15 Analysis

Under Rule 15(a)(2), a district court ordinarily must grant leave to amend unless one or more of the *Foman* factors—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility—is present. *Eminence Capital*, 316 F.3d at 1052. In their briefing on this motion, Plaintiffs argue that the County will not be prejudiced by their proposed amendment and that amendment is not futile. Mot. at 5–8. In response, the County argues that that it will be prejudiced due to its inability to challenge the claim on summary judgment. Opp. at 2–11.

For the same reasons previously discussed with regard to the Rule 16 analysis, the Court concludes that Plaintiffs have not unduly delayed in seeking amendment and the County will not be unduly prejudiced by permitting amendment. The Court also finds that the proposed amendment would not be futile, and there is no indication or argument suggesting that Plaintiffs are acting with bad faith or dilatory motive. Finally, this is not a situation in which Plaintiffs have repeatedly failed to cure deficiencies by amendment, since Plaintiffs' counsel only identified the deficiency recently and this is the first attempt to cure. Therefore, the mandate that leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "is to be heeded" in this case. *Foman*, 371 U.S. at 182.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for a Scheduling Order Modification and for Leave to Amend (Dkt. No. 132) is GRANTED.

The deadline for amending the complaint is extended until May 2, 2025. Filing and service of the Second Amended Complaint, Glazner Decl. Ex. 3, on Defendant County of Santa Clara shall be completed via the ECF system on or before May 2, 2025. Defendant's responsive

7

pleading shall be filed and served via the ECF system on or before May 22, 2025.

No other deadlines are extended by this Order.

**IT IS SO ORDERED.**

Dated: April 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge

8